**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.L., M.L., and R.B.**

**No. 21-0551** (Wood County 21-JA-49, 21-JA-50, and 21-JA-51)

**MEMORANDUM DECISION**

Petitioner Mother E.C., by counsel Eric K. Powell, appeals the Circuit Court of Wood County's June 4, 2021, order terminating her parental rights to D.L., M.L. and R.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Debra Steed, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her a post-dispositional improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the initiation of the instant proceedings, petitioner was the subject of child abuse and neglect proceedings with regard to the children based upon her involvement with men who physically and emotionally abused her children. The parental rights of the father of M.L. and D.L. were terminated as a result of the prior proceedings in December of 2020, and he was ordered to have no further contact with the children. During the prior proceedings, the circuit court also found that petitioner's live-in boyfriend was engaging in inappropriate discipline and emotional abuse of the children. As a result, the boyfriend voluntarily relinquished any rights he had to the children and was ordered to have no further contact with them. Petitioner was granted and successfully completed an improvement period during the proceedings, and the children were returned to her custody in February of 2021.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

In March of 2021, the DHHR filed the instant abuse and neglect petition alleging that D.L. and M.L.'s father—whose parental rights were terminated just months earlier—had hit then seven-year-old D.L. in the face. According to the petition, petitioner was required to complete adult education classes as a condition of her prior improvement period, and she lacked a caregiver to supervise the children while attending these virtual classes. The DHHR alleged that, on at least one occasion, petitioner called M.L. and D.L.'s father to supervise the children in a local park while she remained in her vehicle, attending an education class. As a result, the DHHR alleged that petitioner allowed the father to have contact with the children despite his no contact order. The DHHR further alleged that petitioner stated that she did not know that the father could not be around M.L. and D.L. However, the DHHR alleged that the children stated in forensic interviews that they knew their father could not have contact with them. As a result of the allegations, the children were removed from petitioner's home. The next month, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations in the petition. As such, the court found petitioner to be an abusive and neglectful parent.

The circuit court held a final dispositional hearing in May of 2021. At the hearing, petitioner testified that she did not know that D.L. and M.L. could not be around the father and that she asked him to supervise the children because she needed to attend the adult education classes. Despite the allegations that the father slapped D.L. while petitioner was attending the class, petitioner testified that there was no altercation between the father and the child because she could see them while attending class from her vehicle. Under questioning, petitioner denied the children's accusations that they were around the father on other occasions, as well. Petitioner stated that the children were lying and that the father was only with them once, in a local park, while she attended her class. Petitioner testified that she knew the father was abusive prior to the incident in question because "[h]e beat the heck out of me for years." When questioned why she brought the father around the children—given his propensity for domestic violence—petitioner stated that he only hit her "one time" because she had "made a mistake."

After hearing the evidence, the circuit court found that petitioner had the children returned to her custody after the successful completion of an improvement period in the prior abuse and neglect proceeding. However, the court found that—only one month after the termination of his parental rights—petitioner allowed the father back into the children's lives. The court further found that petitioner had been untruthful regarding the father's contact with the children and ongoing incidents of domestic violence. Accordingly, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect in the near future and that termination was necessary for the children's welfare. Petitioner appeals the June 4, 2021, dispositional order terminating her parental rights.[2]

The Court has previously established the following standard of review:

---

[2]D.L. and M.L.'s father's parental rights were previously terminated. The permanency plan for the children is adoption by their respective foster families. R.B. has achieved permanency in the care of his nonabusing father.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her a post-dispositional improvement period. Petitioner contends that there "was substantial evidence on the record of [her] exemplary performance during her previous improvement period" in the previous abuse and neglect proceedings. Petitioner notes that she testified she was again willing to fully participate in an improvement period in the instant abuse and neglect proceedings and acknowledges that she made "a stupid mistake" by allowing D.L. and M.L.'s father around the children. Petitioner argues that she made additional improvements in her parenting from the prior proceedings, including terminating her relationship with her abusive live-in boyfriend and refraining from inappropriate discipline with the children. As a result, petitioner argues that it is "abundantly evident" that petitioner learned lessons from the prior proceedings and would fully participate in an improvement period in the instant abuse and neglect proceedings. We find petitioner's arguments without merit.

This Court has held that "a parent charged with abuse and/or neglect is not unconditionally entitled to an improvement period." *In re Emily*, 208 W. Va. 325, 336, 540 S.E.2d 542, 553 (2000). West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "This Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the . . . parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). However, the circuit court has discretion to deny an improvement period when no improvement is likely. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

Contrary to petitioner's argument, we find that she did not demonstrate that she was likely to fully participate in an improvement period. While petitioner argues that she did not know that D.L. and M.L.'s father was prohibited from contact with the children, the children stated in forensic interviews that they knew the father was not allowed to have contact with them. Contrary to petitioner's claims that the father only had contact with the children on one occasion while she

3

attended a required class, the children stated in their interviews that they had other contact with the father subsequent to the termination of his parental rights. As a result, the circuit court found that the circumstances underlying petitioner's prior abuse and neglect proceeding were still present in the current proceedings. Indeed, the instant case was initiated just one month after the prior abuse and neglect proceedings ended. Although petitioner argues that she complied with the terms and conditions of her improvement period in the prior proceedings, it is clear that she was still engaging in conduct that endangered the children. Finally, petitioner's prognosis for minimally adequate parenting was rated as "poor" in her parental fitness evaluation. Given this evidence, we find no error in the circuit court's decision to deny petitioner a post-dispositional improvement period.

Petitioner next argues that the circuit court erred in terminating her parental rights. Petitioner claims that the circuit court's finding that there was no reasonable likelihood that she could correct the conditions of abuse or neglect in the near future was erroneous because she had successfully completed an improvement period in the prior proceedings, resulting in the return of the children to her custody. Petitioner argues that she showed marked improvements as a result of those proceedings, including improving the cleanliness of her home and ceasing her use of inappropriate discipline toward the children. Petitioner contends that, given this evidence, there was a reasonable likelihood that she could substantially correct the conditions of abuse and neglect. Petitioner also argues that the circuit court erred in refusing to impose a less-restrictive alternative to the termination of her parental rights. We disagree.

West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help."

The record establishes that petitioner demonstrated an inadequate capacity to solve the problems of abuse or neglect either on her own or with help. As noted above, petitioner was granted a post-adjudicatory improvement period in her prior case and was provided with services aimed at correcting her issues with allowing inappropriate partners around the children. Petitioner regained custody of the children at disposition in that case but, thereafter, continued exposing the children to inappropriate individuals such that it endangered the children. While petitioner claims she only allowed D.L. and M.L.'s father to be around the children on one occasion and points to her ceasing her relationship with her abusive live-in boyfriend, the children's testimony that they visited with the father on multiple occasions after his parental rights were terminated belies petitioner's claims. This is a credibility determination that we decline to disturb on appeal. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

Moreover, petitioner's parental fitness evaluation noted that her prognosis for obtaining minimally adequate parenting was poor and that she was overly defensive and reluctant to admit

to even minor fault. While petitioner points out that she made improvements in aspects of the conditions of abuse and neglect in the prior proceedings, these improvements alone are not enough to overcome other, persistent conditions of abuse and neglect. The record demonstrates that by continuing to engage with inappropriate partners, petitioner has demonstrated that the conditions from the prior abuse and neglect proceeding continue unabated. Based on this evidence, we cannot conclude that the circuit court erred in finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect in the near future, as petitioner demonstrated an inadequate capacity to solve her issues of impaired judgment on her own or with help.

While petitioner claims that she should have been granted a less-restrictive disposition to the termination of her parental rights, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 4, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton